# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| CATHERINE A. TOWNSEND, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-516-PRC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 27], filed on August 29, 2014. The Commissioner filed a response on October 3, 2014, and Plaintiff filed a rely on October 13, 2014.

Plaintiff applied for Disability Insurance Benefits with the Social Security Administration, but was found not disabled. She appealed that decision to this Court, which, on June 9, 2014, reversed the Commissioner's decision and remanded the matter for further consideration.

Plaintiff now asks for a total of $9,995.75 in attorney fees and costs under the Equal Access to Justice Act (EAJA). Plaintiff contends that this breaks down to 52.7 attorney hours spent briefing both this motion and the underlying appeal at $187.50 per hour as well as one hour of legal assistant time at $95.00 per hour. This calculation has two errors. First, the actual amount of time recorded adds up to 53.7 hours, not 52.7 hours. Second, 52.7 hrs x $187.50/hr + $95 equals $9,976.25, not $9,995.75, as contended by Plaintiff. The Court construes both discrepancies against Plaintiff.

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004). The fee application must be filed within thirty days of the court's final judgment and must satisfy the following requirements: (1) a showing that the plaintiff is a "prevailing party;" (2) a showing that the plaintiff is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

The EAJA also requires that requested fees be reasonable. 28 U.S.C. § 2412(d)(1)(B); (d)(2)(A). The burden of proving reasonableness rests on the party seeking fees. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Hours that are not properly billed to one's client are also not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (quotation omitted). Thus, a fee request must make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 437. The amount of the fee award is a matter of discretion for the Court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.*

The Commissioner's sole contention is that Plaintiff's fee application is excessive because Plaintiff has not met the burden of showing that the fees were reasonable, arguing that this case presented only three issues on appeal, none of which was novel or complex, and that the record is

only 653 pages long, not 914 pages long, as Plaintiff's opening brief contends.

The Commissioner argues that the ostensibly similar cases cited by Plaintiff to establish that 40–60 hours is the normal range for social security appeals runs contrary the law of this circuit, which states that "a comparison of raw numbers of hours is [not] helpful in determining whether the hours here were 'reasonably expended.'" *Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008). Instead, what matters is similarity in the volume of background materials, the procedural complexity of the case, and the number and complexity of the issues presented. *Id.*[1]

Though Plaintiff does fall into comparing raw numbers at times, when taken as a whole, Plaintiff's briefs have satisfied this requirement. As Plaintiff has pointed out, many "routine" cases involving similar issues (credibility, RFC, physician opinion, etc.) and similarly sized administrative records have approved attorney hours well in excess to what Plaintiff requests here. *See, e.g.*, *Kinsey-McHenry v. Colvin*, 2:12-CV-332-PRC, 2014 WL 1643455 (N.D. Ind. Apr. 23, 2014) (awarding fees for 62.9 hours based on a 553-page administrative record); *Taloff v. Colvin*, 12 CV 01696, 2014 WL 868040 (N.D. Ill. Mar. 5, 2014) (awarding fees for 64.8 hours based on a 796 page administrative record).

This make sense. As she points out in her reply, a 653-page administrative record is by no means short and the difficulty with social security appeals lies not with the legal standards, which are straightforward and oft-litigated, but in the application of the law to the facts. In many cases, the important facts are hidden away in medical records that were scrawled on a chart by a doctor and then photocopied. Tedious work like this can take a long time. It is also indispensable since, in order

---

[1] The Commissioner also objects that it appears that attorney Daniel Dukich, who did much of the work drafting the briefs, is inexperienced in this area of law and that the government should not have to pay for time he spent familiarizing himself with the law. This objection is unfounded since, as Plaintiff states in her reply, Mr. Dukich has authored over 100 social security appellate briefs.

to prevail, the Plaintiff must bring the evidence to the Court's attention.

In light of this, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 27] and **ORDERS** that Plaintiff be awarded $9,976.25 in fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED this 18th day of November, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record