# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CATHERINE TOWNSEND, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-516-PRC |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 37], filed by Plaintiff Catherine Townsend on October 26, 2017. The Commissioner has not filed a response, and the time in which to do so has passed.

The Court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b) as the Court entered an Opinion and Order reversing the decision of the ALJ and remanding this case for an award of benefits. On May 18, 2015, the Administration issued a Notice of Award with past-due benefits calculated in the amount of $63,772.92. Of this amount, $15,943.23 represents 25% of the past-due benefits.

Section 206(b)(1) of the Social Security Act permits a court to award up to 25% of past-due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. *See* 42 U.S.C. § 406(b)(1). Plaintiff agreed to pay counsel Barry A. Schultz 25% of all past-due benefits awarded to Plaintiff. Plaintiff states that she also has an eligible auxiliary and that 25% of the auxiliary's total past-due award is implied to be $7,438.50. Plaintiff represents that her counsel has spent significant time trying to obtain a copy of the Notice of Award to the auxiliary without success and has been informed that the wait time to receive a copy of the Notice is approximately six to ten months.

The Court is authorized by Section 206(b)(1) to award up to 25% of Plaintiff's entitled benefits. On the record currently before the Court, in terms of both evidence presented and citation to legal authority, the Court cannot determine that the Social Security Administration will decide or has decided to make the "implied" past-due award to Plaintiff's auxiliary. Thus, the request for an award of attorneys fees based on the past-due benefits to Plaintiff's auxiliary will be denied without prejudice.

Plaintiff's counsel received $6,000.00 in attorney fees for representation at the administrative level under 42 U.S.C. 406(a). The $6,000.00 already received should be subtracted from the 25% of the past-due benefits, for a sum of $9,943.23 awarded under 42 U.S.C. 406(b).

Attorney Schultz was previously granted $9,976.25 for work before the Court under the EAJA. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186 (1985)). Because the Court is denying without prejudice the request for an award of attorney fees out of the implied award of past-due benefits to the auxiliary, the smaller fee is currently the 406(b) award. However, the Court notes that, if the request for fees based on the auxiliary's award is renewed, the EAJA fee award may become the smaller fee award.

Having reviewed the Motion, noting the lack of objection, and finding the fee reasonable for the hours of legal work spent and the lifetime benefit to Plaintiff, the Court hereby **GRANTS in part** and **DENIES without prejudice in part** Plaintiff's Motion for Approval of Attorneys Fees

Pursuant to 42 U.S.C.A. Section 406(b) [DE 37] and **AWARDS** Plaintiff's counsel a total of $9,943.23 in attorney fees pursuant to §206(b)(1) of the Social Security Act.

The Court further **ORDERS** that payment by the Commissioner in the amount of $9,943.23 be made directly to counsel Barry A. Schultz in accordance with the fee agreement signed by Plaintiff.

Upon receipt of the fee, counsel is **ORDERED** to refund to Plaintiff the smaller of the fee awards received, that is, $9,943.23.

SO ORDERED this 15th day of November, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATE DISTRICT COURT